**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KURT KANAM**, <br><br> Plaintiff, <br><br> v. <br><br> **OFFICE OF THE DIRECTOR OF THE U.S. GOVERNMENT PUBLISHING OFFICE**, <br><br> Defendant. | Case No. 26-cv-1277 (CRC) |

## MEMORANDUM OPINION

Courts decide actual cases and controversies; they do not answer abstract grievances or grant remedies that the law does not authorize.  Yet that is what Plaintiff Kurt Kanam asks this Court to do.  His complaint has no viable cause of action, alleges no cognizable or particularized injury, and seeks relief that this Court has no power to give.  Because subject matter jurisdiction is patently absent and Kanam cannot prevail, the Court dismisses the case *sua sponte*.

### I.    Background

Mr. Kanam is no stranger to this Court.  Proceeding *pro se*, he has filed suits spanning a wide range of subjects, including FOIA requests, see, e.g., Kanam v. Off. of Benton Peterson, No. 18-cv-3149 (RDM), 2019 WL 5806906 (D.D.C. Nov. 7, 2019), mining claims, see, e.g., Kanam v. Sec'y of Interior, No. 20-cv-2322 (RDM), 2021 WL 1317885 (D.D.C. Apr. 7, 2021), and civil rights actions, see, e.g., Kanam v. Off. of Sec'y of Educ., No. 20-cv-123 (CRC), 2020 WL 3832916 (D.D.C. July 8, 2020).  But the recurring theme of his litigation has been his effort to compel the federal government to recognize the "Pilchuck Nation" as an Indian tribe.  See, e.g., Kanam v. Haaland, No. 21-cv-1690 (RJL), 2022 WL 2315552 (D.D.C. June 28, 2022);

Kanam v. Haaland, No. 22-cv-3183 (RBW), 2024 WL 1923687 (D.D.C. Mar. 21, 2024).  That effort—like his others—has consistently failed.

Most recently, Kanam filed three petitions directly in the D.C. Circuit—two against the Department of Interior and one against the FBI.  See Compl., Ex. A at 1.  Kanam invoked 29 U.S.C. § 160(f)—a provision that permits direct review of NLRB decisions—as the source of the Court's jurisdiction.  See id. at 12.  Because his petitions had nothing to do with the NLRB, the D.C. Circuit dismissed them for lack of jurisdiction.  See Compl., Ex. B at 2; Kanam v. U.S. Sec'y of the Interior, No. 25-1186, 2026 WL 681347, at *1 (D.C. Cir. Mar. 10, 2026) (per curiam).

Soon after, Kanam filed a complaint in this Court against the U.S. Government Publishing Office ("GPO").  GPO, according to Kanam, publishes federal statutes, regulations, rules of procedure, and opinions.  See Compl. at 1–2.  Kanam allegedly relied on some of these publications, such as Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024) and the Administrative Procedure Act, in his direct petitions to the D.C. Circuit.  Id. at 2.  By dismissing his petitions, Kanam posits, the D.C. Circuit "invalidated" or "refused to recognize" the published cases, statutes, and rules upon which he relied.  Id. at 4.  Either way, because of the purported conflict between the published authorities and the D.C. Circuit's order, GPO is allegedly violating 18 U.S.C. § 35—which, in Kanam's view, requires GPO to protect "the American people from false and misleading publications."  Compl. at 4.  The Complaint also hints—without quite saying—that GPO's purported non-compliance with 18 U.S.C. § 35 runs afoul of the Fifth Amendment.  See id.

As redress for these claimed injuries, Kanam seeks either: (1) a declaration that the "American people can NOT rely upon" GPO publications and an order requiring GPO to comply

with 18 U.S.C. § 35 by retracting the supposedly misleading publications; or (2) a declaration that the "American people CAN rely upon" GPO publications but that the D.C. Circuit "violated" those publications—that is, violated the law—when it dismissed his petitions.  Id. at 5–6.

## II.   Legal Standards

Pro se complaints must be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But "even a pro se plaintiff must meet his burdens of proving subject matter jurisdiction and stating a claim for relief."  James v. United States, 48 F. Supp. 3d 58, 63 (D.D.C. 2014).  Courts need not wait for service or a motion to address an obvious jurisdictional or merits defect.  A court "must dismiss" a case whenever it determines that subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); see, e.g., Evans v. Suter, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) (affirming dismissal under 12(h)(3) prior to service).  And it may dismiss *sua sponte* under Rule 12(b)(6) when it is self-evident from the complaint that the plaintiff cannot prevail.  Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 127 (D.C. Cir. 2012).

## III.   Analysis

The federal judicial power is limited to actual cases and controversies.  U.S. Const. art. III, § 2.  To satisfy the case-or-controversy requirement, a plaintiff must establish standing.  Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 133 (2011).  He must show (1) that he suffered an injury in fact, i.e., an invasion of a legally protected interest that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by the defendant's challenged conduct; and (3) that the injury would likely be redressed by a favorable judicial decision.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338–39 (2016).

Kanam's complaint fails to clear the injury-in-fact hurdle. Kanam's jurisdictional hook, 18 U.S.C. § 35—colloquially known as the "bomb hoax" statute—authorizes criminal punishment against "[w]hoever" maliciously or recklessly communicates certain false transportation-related threats. It does not, as Kanam alleges, require GPO to protect "the American people from false and misleading publications." Compl. at 4. Indeed, the statute does not even apply to federal agencies. See United States v. Ramsey, 165 F.3d 980, 987, 990 (D.C. Cir. 1999) (statutes applying to "whoever" do not apply to the federal government). In any event, the power to enforce federal criminal laws is vested in the Executive Branch. See Cmty. for Creative Non-Violence v. Pierce, 786 F.2d 1199, 1201 (D.C. Cir. 1986). So Kanam, as a private citizen, lacks a legally cognizable interest in seeking compliance with the criminal bomb hoax statute. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Sargeant v. Dixon, 130 F.3d 1067, 1069 (D.C. Cir. 1997); Volovets v. Clinton, No. 22-cv-699 (ABJ), 2022 WL 3026630, at *3 (D.D.C. June 22, 2022), aff'd, No. 22-5207, 2022 WL 5239553 (D.C. Cir. Oct. 6, 2022).

True, Kanam also mentions "due process and equal protection" once in passing. Compl. at 4. But "the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." Johnson v. Robinson, 576 F.3d 522, 522 (D.C. Cir. 2009) (cleaned up). Regardless, GPO's purported violation of 18 U.S.C. § 35 does not give rise to due process claim. See Am. Fed'n of Gov't Emps. v. Nicholson, 475 F.3d 341, 353 (D.C. Cir. 2007). And without any allegations of differential treatment, his equal protection claim is "completely devoid of merit as not to involve a federal controversy." Johnson v. Comm'n on Presidential Debates, 869 F.3d 976, 984 (D.C. Cir. 2017) (quoting Steel Co. v. Citizens for a Better Env't,

4

523 U.S. 83, 89 (1998)).  It is thus "patently obvious" that Kanam has not stated a constitutional claim.  Rollins, 703 F.3d at 127 (citation omitted).

Kanam's alleged injury also lacks sufficient particularity.  "A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'"  Hollingsworth v. Perry, 570 U.S. 693, 706 (2013) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 573–74 (1992)).  The "controversy" in this case, according to Kanam, is "w[h]ether or not the American people can or can not rely upon the publications of the U.S. Government Publishing Office."  Compl. at 1.  The crux of the Complaint is that the "American people are entitled to truthful publication[s]" and that both "Plaintiff and the American people h[ave] been misle[]d and are the victim of false publication[s]" by GPO.  Id. at 2–3.  That is a paradigmatic "generalized grievance," which "no matter how sincere, is insufficient to confer standing."  Perry, 570 U.S. at 706.

Finally, even if Kanam had alleged a legally cognizable and particularized injury, he cannot satisfy Article III's redressability requirement because the Court cannot provide the relief he seeks.  "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them" or issue advisory opinions.  Chafin v. Chafin, 568 U.S. 165, 172 (2013) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  So this Court may not, as Kanam requests, declare that the American people can or cannot trust GPO.  Nor can it order GPO to comply with a criminal statute that does not apply to it.  And it lacks jurisdiction to entertain a collateral action asking it to void, reconsider, or renounce the D.C. Circuit's dismissal of Kanam's direct petitions.  See Klayman v. Rao, No. 21-cv-2473 (CRC), 2021 WL 4948025, at

5

*4–5 (D.D.C. Oct. 25, 2021), aff'd, 49 F.4th 550, 552–53 (D.C. Cir. 2022).  The D.C. Circuit reviews judgments from this Court—not the other way around.  At bottom, only the D.C. Circuit sitting en banc or the Supreme Court may provide Kanam with his desired remedy.  See Sierra Club v. Jackson, 648 F.3d 848, 854 (D.C. Cir. 2011).

## IV.  Conclusion

For these reasons, the Court will dismiss Kanam's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(h)(3).  A separate Order will follow.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 3, 2026

6